UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-CV-20800-SCOLA/GOODMAN

GEICO GENERAL INSURANCE COMPANY,

    Plaintiff,

v.

MARIA KARLA DANIEL MIRANDA,
CARMEN LIZETTE LOPEZ,
AND EMMANUEL SARMIENTO,

    Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

In this declaratory relief insurance action, Plaintiff GEICO GENERAL INSURANCE COMPANY ("GEICO" or "Plaintiff") filed a motion for default judgment against Carmen Lizette Lopez ("Lopez") and Emmanuel Sarmiento ("Sarmiento" and, collectively, "Defendants"). [ECF No. 18]. Plaintiff subsequently filed a Notice of Settlement [ECF No. 25] as to only Defendant Maria Karla Daniel Miranda ("Miranda"). The remaining Defendants have not filed a response to Plaintiff's motion (or otherwise participated in this lawsuit), and the response deadline has now expired.

Senior United States District Judge Robert N. Scola, Jr. referred this motion to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF

No. 20].

For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **deny without prejudice** Plaintiff's motion.

## I. Background

Plaintiff filed a Complaint on March 1, 2023 seeking declaratory relief against Defendants. [ECF No. 1]. In 2021, Defendants were involved in a car accident ("Accident"). *Id*. at ¶ 13. Plaintiff insures each Defendant. Plaintiff insured a 2019 Mercedes Benz and a 2019 Nissan Murano with "Bodily Injury Limits of $100,000.00 each person, and $300,000.00 each occurrence" for Defendant Sarmiento. *Id*. at ¶ 12.

During the Accident, Defendant Sarmiento was driving Defendant Lopez's 2020 Nissan Murano with Defendant Lopez in the front passenger seat. *Id*. at ¶ 13. Plaintiff also issued an insurance policy for Defendant Lopez's 2020 Nissan Murano. Defendant Sarmiento crashed the 2020 Murano into Defendant Miranda. *Id*. Defendant Miranda initiated a lawsuit against both Defendants for damages related to the Accident. *Id*. at ¶ 15.

After the Accident, Defendant Lopez sought Bodily Injury Benefits under Defendant Sarmiento's insurance policy with Plaintiff. *Id*. at ¶ 14. Plaintiff consequently disclaimed liability coverage for Defendant Sarmiento because Defendant Lopez's vehicle "was furnished and available for Defendant Sarmiento's regular use and thus, under the terms of Defendant Sarmiento's policy, the 2020 Murano does not qualify as either an owner or non-owned auto as it relates to Defendant Sarmiento." *Id*. at ¶ 16. The parties dispute whether

Plaintiff's policy for Defendant Sarmiento provides coverage for any of the liability claims arising from the Accident, "as Defendant Miranda is seeking the insurance benefits from the subject policy of insurance and has initiated a lawsuit against Defendants Sarmiento and Lopez, which would implicate GEICO's duty to defend and duty to indemnify Defendants Lopez and Sarmiento should the subject policy afford coverage." *Id*. at ¶ 17.

On March 29, 2023, Plaintiff filed a Notice of Filing Return of Service for Defendants. [ECF No. 7]. The Process Server's affidavits state that he personally served the Summons and Complaint to Defendants[1] on March 20, 2023. [ECF Nos. 7-2; 7-4].

On April 20, 2023, Judge Scola entered an Order [ECF No. 11] on Clerk's Default Procedure, which the Clerk delivered to Defendants the following day. [ECF No. 12].

Thereafter, Plaintiff moved for and obtained Clerk's Defaults against Defendants for failure to appear, answer or otherwise plead to the Complaint. [ECF Nos. 13; 14]. Plaintiff now seeks the entry of a default judgment against Defendants. [ECF No. 18].

## II.     Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party

---

[1] Defendants live together and the Process Server served both the Complaint and Summons on Defendant Sarmiento because he was home at the time. *Id*.

may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2] Only the well-pled factual allegations are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021 WL 3493164, at *2

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before September 30, 1981 would become binding precedent in the Eleventh Circuit.

(N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); s*ee also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

## III.   Analysis

Despite seeking a default judgment, Plaintiff's motion contains **no** analysis, **no** caselaw, and **no** citations to the Complaint. Essentially, Plaintiff's motion just states -- in unelaborated terms -- that the clerk has entered a default and now Plaintiff wants the Court to enter a default judgment declaring that the disputed automobile liability coverage does not exist.

Local Rule 7.1(a)(1) requires that every motion, subject to certain exceptions, incorporate a memorandum of law citing supporting authorities for the relief requested. *See* S.D. Fla. L.R. 7.1(a)(1); *see also Belony v. Amtrust Bank*, No. 09-82335-CIV, 2011 WL 2297669, at *2 (S.D. Fla. June 8, 2011) (finding that a defendant's "failure to cite [ ] authority . . . [made] it difficult for the Court to rule in [the defendant's] favor" and that the "deficient memorandum of law [was] itself a basis to deny [the] motion").

Courts in this circuit routinely deny motions for default judgment which contain no substantive analysis. *See, e.g., Valle v. AA & K Restoration Grp.*, LLC, No. 1:19-CV-20873-KMM, 2019 WL 13192198, at *2 (S.D. Fla. Oct. 23, 2019) ("[A] proper motion for default judgment should 'state in the liability section of its memorandum of law the elements of each cause of action on which it seeks a default judgment and show with pinpoint citations to the amended complaint how the well-pleaded facts in the amended complaint establish each element.'" (quoting *Jaguar Imports, LLC v. Phoenix Glob. Ventures, Inc.*, No. 6:12-cv-1486-OrL-31KRS, 2013 WL 12170484, at *1 (M.D. Fla. Mar. 21, 2013))); *BMO Harris Bank, NA v. DTL Transp., Inc.*, No. 616CV2238ORL37KRS, 2017 WL 8314658, at *1 (M.D. Fla. June 6, 2017) (denying without prejudice a default judgment motion because it "merely assert[ed] that [the] [d]efendant is liable and focuse[d] on [the] [p]laintiff's entitlement to various remedies"); *St. Michael Press Publ'g Co. v. One Unknown Wreck Believed to be the Archangel Michael*, No. 12-80596-CIV, 2013 WL 12171816, at *1 (S.D. Fla. Feb. 12, 2013) (denying the plaintiff's default judgment motion because, among other reasons, it failed to include a legal memorandum).

Accordingly, the Undersigned **respectfully recommends** that the District Court **deny without** prejudice Plaintiff's motion. Additionally, the Undersigned **respectfully recommends** that, if this Report and Recommendations is adopted, Plaintiff be instructed that any future motion for a default judgment must include a meaningful memorandum of law which explains the elements of its claim.

### IV.     Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with Senior United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on November 20, 2023.

*[signature]*

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record